FOX ROTHSCHILD LLP
Yann Geron (YG 1130)
Daniel Schnapp (DS 3484)
Fred Stevens (FS 1346)
100 Park Avenue, 15th Floor
New York, New York 10017
(212) 878-7900

Special Litigation Counsel to Plaintiff
Angela G. Tese-Milner, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                                        :   Chapter 7
                                                             :
THE EGGE COMPANY, LIMITED,                                   :   Case No. 06-11996 (REG)
                                                             :
Debtor.                                                      :
---------------------------------------------------------x
ANGELA G. TESE-MILNER, as Chapter 7                          :
Trustee of the Estate of The Egge Company,                   :
Limited,                                                     :
                                                             :
                        Plaintiff,                           :
                                                             :   Adv. Pro. No. 08-01210 (REG)
- against -                                                  :
                                                             :
THOMAS BRACKEY, GRANT JOHNSON, and                           :
TAYLOR REINHART                                              :
                                                             :
                        Defendants.                          :
---------------------------------------------------------x

**STIPULATION RESOLVING TRUSTEE'S CLAIMS
ASSERTED AGAINST THOMAS BRACKEY,
GRANT JOHNSON, TAYLOR REINHART, BENEVOLENT CAPITAL
PARTNERS, L.P. AND BENEVOLENT CAPITAL MANAGEMENT**

*WHEREAS*, on August 25, 2006 (the "Filing Date"), The Egge Company, Limited (the "Debtor"), the above-captioned debtor, filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"); and

*WHEREAS*, on August 25, 2006, Angela Tese-Milner (the "Trustee") was appointed interim Chapter 7 trustee of the Debtor's estate, has since qualified as permanent Chapter 7 trustee, and is presently acting in that capacity; and

*WHEREAS*, by complaint dated May 5, 2008 (the "Complaint"), the Trustee commenced the above-captioned adversary proceeding against Johnson, Reinhart, Brackey, Benevolent Capital Partners L.P. ("BCP"), and Benevolent Capital Management ("BCM") (collectively, the "Defendants") and others alleging multiple causes of action, including, but not limited to, the following as to the Defendants: (i) breach of fiduciary duty; (ii) fraudulent conveyances under both state and federal law and (iii) preferential transfers under federal law;

*WHEREAS*, the Trustee alleged in the Complaint that prior to the Filing Date, Grant Johnson ("Johnson") and Taylor Reinhart ("Reinhart") undercapitalized the Debtor, allowed the Debtor to incur numerous debts they knew the Debtor could not repay, terminated the Debtor's only sources of capital, allowed the Debtor to operate, conduct business, and incur indebtedness in an undercapitalized and insolvent state, and channeled assets out of the Debtor and into entities controlled by Defendants;

*WHEREAS*, the Trustee alleged in the Complaint that prior to the Filing Date, Thomas Brackey ("Brackey"), serving on the board of directors of the Debtor, as the Debtor's legal counsel and as principal of the law firm, Freund & Brackey, LLP ("F&B"), undercapitalized the Debtor, allowed the Debtor to incur numerous debts they knew the Debtor could not repay, terminated the Debtor's only sources of capital, allowed the Debtor to operate, conduct business, and incur indebtedness in an undercapitalized and insolvent state, and channeled assets out of the Debtor and into entities controlled by Defendants;

*WHEREAS*, on July 22, 2008, the Defendants moved to dismiss the Complaint; and

*WHEREAS*, after a hearing on November 14, 2008, the Court granted the motion to dismiss in part and denied the motion to dismiss in part ("Order"); and

*WHEREAS*, on December 15, 2008, in accordance with the Court's Order, the Trustee filed a First Amended Complaint (the "First Amended Complaint"; and

*WHEREAS*, on January 21, 2009, the Defendants and others moved to dismiss the Third, Fourth, Fifth, Sixth, Seventh and Ninth causes of action of the First Amended Complaint; and

*WHEREAS*, after a hearing on April 22, 2009, the Court granted the motion to dismiss in part and dismissed the motion to dismiss in part; and

*WHEREAS*, following extensive unresolved discussions on settlement of the above-captioned matter, on January 6, 2010, the Trustee filed a Second Amended Complaint (the "Second Amended Complaint"), withdrawing all claims against BCP and BCM and maintaining the breach of fiduciary duty claims against Johnson, Reinhart, and Brackey; and

*WHEREAS*, the parties have agreed that a settlement of the Trustee's claims as set forth below is in the best interests of all parties, including BCP and BCM:

***NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED***, by and between the parties hereto, as follows:

1. Subject to the approval of the Bankruptcy Court, and in consideration of the terms, conditions, representations and releases set forth below, the Defendants agree to pay the Trustee, and the Trustee agrees to accept, the total sum of fifty thousand dollars ($50,000.00) in full and complete satisfaction of this matter (the "Settlement Funds").

2. The Settlement Funds shall be paid as follows: (i) immediately upon execution of this stipulation (the "Stipulation"), the Defendants shall pay to the Trustee the sum of $15,000 (the "Initial Settlement Payment"); (ii) the Defendants shall make a second payment of $5,833.33 on or before the first day of July 2010 (the "Second Settlement Payment"), (iii) the

3

Defendants shall make a third payment of $5,833.33 on or before the first day of August 2010 (the "Third Settlement Payment"), (iv) the Defendants shall make a fourth payment of $5,833.33 on or before the first day of September 2010 (the "Fourth Settlement Payment"), (v) the Defendants shall make a fifth payment of $5,833.33 on or before the first day of October 2010 (the "Fifth Settlement Payment"), (vi) the Defendants shall make a sixth payment of $5,833.33 on or before the first day of November 2010 (the "Sixth Settlement Payment"), and (vii) the Defendants shall make a seventh and final payment of $5,833.33 on or before on or before the first day of December 2010 (the "Final Settlement Payment"). (Hereinafter, the "Initial Settlement Payment", the "Second Settlement Payment", the "Third Settlement Payment", and the "Fourth Settlement Payment", and the "Fifth Settlement Payment")and the "Final Settlement Payment" shall be referred to as the "Settlement Payments"). The Settlement Payments shall be paid by certified or bank check made payable to "Angela Tese-Milner, Chapter 7 trustee of the estate of the Egge Company, Limited" and shall be delivered to the offices of Fox Rothschild LLP, 100 Park Avenue, 15th Floor, New York, New York 10017, Attn: Daniel A. Schnapp, Esq.

3. Should the Defendants fail to make any of the Settlement Payments by their respective due dates (a "Payment Default"), time being of the essence, Trustee shall provide the Defendants with written notice (the "Default Notice") of such Payment Default and the Defendants shall have ten (10) days from the receipt of the Default Notice to cure the Payment Default (the "Cure Period"). The Default Notice shall be sent via overnight mail to Raymond H. Aver, Esq., the undersigned counsel for the Defendants, at the address listed below, and Freund & Brackey LLP at 427 North Camden Drive Suite H, Beverly Hills, CA 90210. The Default Notice shall be deemed to be received one business day after it was sent.

4. Should the Defendants fail to cure a duly-noticed Payment Default within the Cure Period, then the following shall occur:

4

a. The Trustee shall, at her sole discretion, enter a judgment against the Defendants in the amount of all then unpaid Settlement Payments, plus a $5,000 penalty (the "Judgment"). In the event that the Default is not cured within a period of ninety (90) days thereafter, an additional $5,000 penalty shall be assessed. Upon its entry, the Trustee shall have immediate execution of the Judgment, and shall be permitted to take any lawful action she deems appropriate to collect upon the Judgment; and

b. The Defendants agree to pay all reasonable attorneys fees and actual legal costs and expenses related to or associated with the Trustee's filing of the Judgment and efforts to enforce the Judgment.

(collectively, the "Default Rights"). The Trustee may, in her sole discretion, elect not to pursue any Payment Default or elect not to pursue any of the foregoing Default Rights. However, an election by Trustee not to pursue any of the Default Rights shall not be deemed to be a waiver of any other Default Rights, or the right to assert the Default Rights at a later date, or any other rights pursuant to this Stipulation.

5. Trustee shall deposit the Initial Settlement Payment into the Trustee's special escrow account for this bankruptcy estate, and shall hold such funds pending approval of this Stipulation by the Bankruptcy Court, at which time such funds shall be released to this estate. In the event the proposed settlement is not approved by the Court, the Trustee shall refund the Initial Settlement Payment to the Defendants' counsel within five (5) business days of entry of the order denying approval of the settlement embodied in this Stipulation.

6. Upon receipt and clearing of the Final Settlement Payment, the Trustee shall waive, set aside, discharge, settle, compromise and release any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies he has, had or may have against any of the current or former Defendants, including BCP and BCM, or any of their respective successors or assigns, from the beginning of time to the date of execution of this stipulation. Contemporaneously with execution of this Stipulation, the Trustee shall execute a general release, releasing the existing claims against the Defendants, which release shall be held in escrow by Fox Rothschild, LLP, the undersigned counsel to the Trustee, until the Final Settlement Payment is received by the Trustee.

7. Upon receipt and clearing of the Final Settlement Payment, the current and former Defendants, including BCP and BCM, waive, set aside, discharge, settle, compromise and release any and all claims (to be interpreted in the broadest manner possible), causes of action, rights and remedies they have, had or may have against the Trustee, the law firm of Fox Rothschild LLP, and any and all of the individual attorneys and professionals who provided legal services and support to the Trustee in connection with this matter, and the Debtor's bankruptcy estate, or any of their respective predecessors, successors or assigns. Contemporaneously with execution of this Stipulation and delivery of the Initial Settlement Payment and other documents required to be provided by the Defendants herein, the Defendants shall execute general releases, releasing the Trustee from any and all claims relating to this adversary proceeding and bankruptcy proceeding, which releases shall be held in escrow by the Law Office of Raymond H. Aver, Esq., the undersigned counsel to the Defendants, upon receipt and clearing of the Final Settlement Payment.

8. This Stipulation is not to be construed as an admission of liability by any of the parties hereto.

9. This Stipulation is subject to Bankruptcy Court approval. and shall not be binding or enforceable unless. and until, such approval is obtained.

10. Upon Bankruptcy Court approval, this Stipulation shall be binding upon all parties to the Stipulation. their successors and assigns. Each of the undersigned represents and warrants that it is authorized to bind its client to the terms of this Stipulation.

11. The Bankruptcy Court shall retain sole jurisdiction over all disputes arising out of, pertaining to or concerning this Stipulation.

12. This Stipulation represents the entire agreement between the parties and may not be altered except by a writing executed by the parties or their respective attorneys on behalf of their clients.

13. This Stipulation may be signed by the parties in counterpart and facsimile copies with the same force and effect as if fully and simultaneously signed on a single original.

14. Each party to this Stipulation shall bear its own attorneys' fees and costs.

Dated: New York, New York
June __, 2010

FOX ROTHSCHILD LLP
Special Litigation Counsel to Plaintiff
Angela G. Tese-Milner, Chapter 7 Trustee

By: /s/ _____
Daniel A. Schnapp (DS 3484)
Yann Geron (YG 1130)
Fred Stevens (FS 1346)
100 Park Avenue. 15th Floor
New York, New York 10017
(212) 878-7900

Dated: New York, New York
June __, 2010

    LAW OFFICE OF RAYMOND H. AVER
    Counsel for Grant Johnson, Taylor Reinhart,
    Thomas Brackey, Benevolent Capital Partners,
    L.P., and Benevolent Capital Management

By: /s/ _____
    Raymond H. Aver, Esquire
    Law Offices of Raymond H. Aver
    A Professional Corporation
    12424 Wilshire Boulevard
    Suite 720
    Los Angeles, CA 90025

**[AN ADDITIONAL SIGNATURE PAGE FOLLOWS]**

Dated: _____
      June ___, 2010

                                                                                   _____
                                                                                   Grant Johnson

Dated: _____
      June ___, 2010

                                                                                  _____
                                                                                   Taylor Reinhart

Dated: _____
      June 7, 2010

                                                                                  */s/ Thomas Brackey*
                                                                                   Thomas Brackey

Dated: _____
      June ___, 2010

                                                                                  _____
                                                                                   Benevolent Capital Partners, L.P.

Dated: _____
      June ___, 2010

                                                                                  _____
                                                                                  Benevolent Capital Management


                                                                                  **SO ORDERED:**

                                                                                    _____

Dated: _____
    June ___, 2010

                                                                  _____
                                                                  Grant Johnson

Dated: _____
    June 17, 2010

                                                                    */s/ Taylor Reinhart*
                                                                  Taylor Reinhart

Dated: _____
    June ___, 2010

                                                                  _____
                                                                  Thomas Brackey

Dated: _____
    June ___, 2010

                                                                  _____
                                                                  Benevolent Capital Partners, L.P.

Dated: _____
    June ___, 2010

                                                                  _____
                                                                  Benevolent Capital Management


                                                                   **SO ORDERED:**

                                                                    _____

Dated: _____
      June 7th, 2010

_____
Grant Johnson

Dated: _____
      June ___, 2010

_____
Taylor Reinhart

Dated: _____
      June ___, 2010

_____
Thomas Brackey

Dated: _____
      June 7th, 2010

_____
Benevolent Capital Partners, L.P.

Dated: _____
      June 7th, 2010

_____
Benevolent Capital Management

**SO ORDERED:**

_____